IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

**Jeffrey Mador,**

*Plaintiff,*

v.                                                                        Case No. 6:24-cv-146-REW-HAI

**Armscor Precision International and Armscor Global Defense, Inc.,**

*Defendants*.

### PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER

COMES NOW, Plaintiff Jeffrey Mador, and submits this Response to this Court's Order to Show Cause dated October 10, 2024 (D.E. 7), and submits the following:

**Diversity Jurisdiction**

1. This Court has requested an expounded explanation as to how the amount in controversy exceeds $75,000.00. D.E. 7 at 2.

2. As set forth in the Complaint, pursuant to 28 U.S.C. § 1332(a), Plaintiff asserts that his claim exceeds $75,000.00 exclusive of interest and costs and that Plaintiff and Defendants are citizens of different states. D.E. 1 at ¶ 9.

3. On October 10, 2023, the pistol that is subject to this incident unintentionally discharged while in its safety holster and struck Plaintiff in the leg. D.E. 1 at ¶ 12, 17.

4. The impact of the discharged .45 caliber hollow point bullet resulted in catastrophic injuries.

5. The blood loss and severe damage to Plaintiff's leg caused by the discharged round required immediate and extensive emergency surgery. D.E. 1 at ¶ 17.

1

6. Due to the severity of Plaintiff's injuries he was transported by helicopter from Kentucky to Tennessee in order to receive the life-saving emergency surgeries.

7. The severity of his injuries and the complexity of the required surgeries forced Plaintiff to stay in the hospital for a week.

8. Plaintiff endured multiple procedures including, but not limited to, invasive surgeries, skin grafts, venous grafts, and surgical reconstruction.

9. Multiple procedures and evaluations have followed, and Mr. Mador is left with permanent physical and psychological injuries. D.E. 1 at ¶ 17. Mr. Mador continues to suffer agonizing aches, pains, as well as psychological and emotional anguish. D.E. 1 at ¶ 19.

10. Plaintiff will continue to incur further expenses for required medical care and treatment. D.E. 1 at ¶ 19.

11. The financial cost for the first responders and EMT service, helicopter transport, multiple complex surgeries, inpatient hospital care, physical therapy, mental health treatment, and follow up treatment, combined with the further medical bills and expenses to be incurred due to the ongoing treatment of his severe injuries, exceeds the threshold of $75,000.00, exclusive of interests and costs. Additional details on this monetary sum will be determined in discovery of this case.

12. Furthermore, Plaintiff is unable to continue in performing his usual duties, occupations, and avocations, all to Plaintiff's great loss and financial detriment. D.E. 1 at ¶ 19. Plaintiff currently suffers and will continue to suffer a diminished physical capacity to perform in his occupation. D.E. 1 at ¶ 18. Consequently, Plaintiff was forced to leave his job and accept a lesser paying position that requires less physical strain on his injuries. The difference in income will be established in the course of discovery in this case. The difference will only serve to increase

the amount in controversy.

13. While an exact figure for the amount in controversy will be established in discovery and the trial of this case, allegations of severe and permanent injuries can suffice to support the application of subject matter jurisdiction based on diversity, even in the absence of an allegation as to a specific amount of recoverable damages. *McPhail v. Deere & Co.*, 529 F. 3d 947, 957 (10th Cir. 2008).[1]

14. Accordingly, a numerical value need not be specified to establish the amount in controversy. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (upholding the application of diversity jurisdiction where the complaint sought recovery for listed damages and expenses, even though it did "not specify the numerical value of the damage claim").[2]

15. Courts have long held that when a party pleads federal-court jurisdiction, the party's amount in controversy allegation is accepted if made in good faith. *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 276, (1977) (opining that a good faith claim as to the amount in controversy made by a plaintiff controls).

16. Plaintiff's initial allegation that the amount in controversy requirement is met (D.E. 1 at ¶ 9), the details within the Complaint, and the additional expounded details provided herein are all submitted in good faith.

17. Even though an allegation of an actual monetary sum is not necessary to satisfy §1332's amount in controversy requirement, to date, the bill from just one of Plaintiff's medical providers exceeds $93,000.00. This amount will increase as additional treatment is required. This does not include bills from other providers, the cost of the helicopter transport, or the amount of

---

[1] *See, e.g.*, Complaint, D.E. 1 at ¶ 17.
[2] Additionally, federal law contemplates that a party's good faith claim shall satisfy the amount in controversy. *See* the Federal Courts Jurisdiction and Venue Clarification Act, 28 U.S.C. § 1446(c)(2) (good faith demands satisfy the amount in controversy requirement for removal actions).

3

lost income that Plaintiff has suffered.

**Federal Question**

18.     Plaintiff is no longer asserting jurisdiction under 28 U.S.C. § 1391.

WHEREFORE, as set forth above, Plaintiff has made a good faith claim that diversity of the Parties exists,[3] and that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. There exists at least a legal uncertainty about whether there is $75,000.01 or more in controversy, and therefore the subject matter jurisdiction of this Court has been properly invoked pursuant to 28 U.S.C. § 1332(a), Plaintiff respectfully requests that this Court not dismiss this case for want of statutorily based subject matter jurisdiction.

Respectfully submitted, this 30th day of October, 2024.

*/s/ Travis A. Prince*
Travis A. Prince (Ky. Bar No. 99176)
BAILEY & GLASSER, LLP
94 Long Street, Suite 200
Westover, West Virginia 26501
T:      (304) 594-0087
F:      (304) 594-9709
E:      tprince@baileyglasser.com

David L. Selby, II
*(pro hac vice forthcoming)*
Matthew J. Ford
*(pro hac vice forthcoming)*
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244
T:      (205) 988-9253
F:      (205) 733-4896
E:      dselby@baileyglasser.com
        mford@baileyglasser.com

*Counsel for Plaintiff*

---

[3] D.E. 1 at ¶ 1-3.