IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| Jeffrey Mador, *Plaintiff*, v. Armscor Precision International and Armscor Global Defense, Inc., *Defendants*. | Case No. 6:24-cv-146-REW-HAI |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR SANCTIONS**

Defendants seek Rule 11 sanctions on the grounds that Plaintiff made no "inquiry reasonable under the circumstances" to determine whether "the factual contentions [in the complaint] have evidentiary support." *See* Fed. R. Civ. P. 11(b)(3). Specifically, Defendants claim that Plaintiff "misrepresented" that he had "'read and comprehended' the warnings in the subject pistol's User's Manual and that Defendants 'failed to give adequate warnings of the dangers associated with the use of the Subject Pistol, or of the facts that made it likely that the Subject Model Pistol was dangerous.'" *See* Def. Motion at 1-2. But neither assertion is a misrepresentation and, despite Defendants' claim to the contrary, there is no contradiction in Plaintiff's assertions. It is entirely possible that Plaintiff both read and comprehended the User Manual warnings and that those same warnings were "inadequate." *See* Def. Motion at 2.

Defendants' position appears to be that the User Manual warnings absolve Defendants from any potential liability as a matter of law simply because the User Manual states that the presence of an unfired cartridge in the chamber increases the risk of an unintended firing. But Defendants freely admit in their motion that the User Manual "does not warn or even recommend

1

against carrying a 1911 A1 pistol with an unfired cartridge in its chamber[.]" Def. Motion at 3. Furthermore, as Defendants state in their Motion, "[u]nder Kentucky products liability law, a warning is adequate if it conveys the product's underlying risk to a reasonable consumer." *Id.* at 5 (citing *Yonts v. Easton Tech. Prods.*, 676 F. App'x 413, 418 (6th Cir. 2017)). "In turn, determining whether a particular warning sufficiently conveys the product's underlying danger requires examining the likelihood and seriousness of the risk involved." *Yonts*, 676 F. App'x at 418 (citing *Edwards v. Hop Sin, Inc.*, 140 S.W.3d 13, 16 (Ky. Ct. App. 2003). Merely warning of an unspecified degree of increased risk associated with the presence of an unfired cartridge in the chamber does not foreclose the possibility that a jury could conclude that Defendant failed to sufficiently convey the subject pistol's "underlying risk to a reasonable consumer," particularly here where Defendants did not even *recommend* against carrying the subject pistol with an unfired cartridge in its chamber.

Defendants further assert their own version of facts—unsupported by evidence because no discovery has been completed—to reach the self-serving conclusion that "it was Plaintiff's incompetent handling of the pistol which led to his injury." *Id.* at 4. Defendants' theory relies on the assumption that Plaintiff attempted and failed to set the Subject Pistol's hammer in the half-cock notch prior to discharge, resulting in a "false half-cock." *Id.* at 5. But Plaintiff does not allege that he attempted to set the Subject Pistol's hammer in the half-cock notch prior to discharge. Rather, he maintains that (1) he did not use or attempt to use the half-cock position prior to the Subject Pistol's discharge, and (2) that the Subject Pistol's hammer was *not* set in the half-cock notch or in a false half-cock situation prior to discharge. Ex. 1, Declaration from Plaintiff. Defendants' lengthy discussion of the User Manual warnings against setting the Subject Pistol's

2

hammer in the half-cock notch is therefore an irrelevant distraction from Plaintiff's actual allegations, which do not involve a half-cock or false half-cock discharge.

Finally, Defendants assert that Plaintiff failed to make an "inquiry reasonable under the circumstances" to determine whether "the factual contentions [in the complaint] have evidentiary support." because he failed to contact Defendants prior to filing this lawsuit, thus warranting sanctions. Def. Motion at 7. Defendants cite no authority for the proposition that a Plaintiff must contact a defendant prior to initiating a products liability action or face sanctions. Nor do Defendants cite any authority for the propositions that a Plaintiff must "informally" provide to Defendants photographs or an opportunity to inspect a defective product outside the discovery process prior to initiating a products liability action or face sanctions.

Rather, in the Sixth Circuit, "the test for the imposition of Rule 11 sanctions is 'whether the individual's conduct was reasonable under the circumstances.'" *Church Joint Venture, L.P. v. Blasingame*, 817 Fed. Appx. 142, 147 (6th Cir. 2020) (citing *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997)). Initiating this litigation was entirely reasonable under the circumstances. Plaintiff, together with counsel, undertook an extensive pre-suit inquiry. Plaintiff's counsel conducted fact-finding interviews with Plaintiff regarding the incident. Plaintiff's counsel reviewed documentary evidence related to the incident, including the police report arising from the incident. Finally, Plaintiff's counsel conferred with an engineering consultant knowledgeable in firearms including 1911 models such as the Subject Pistol.

On the basis of this reasonable inquiry, Plaintiff's counsel concluded that the factual contentions in Plaintiff's Complaint have evidentiary support and filed suit accordingly. Defendants' insistence on an unsubstantiated set of alternative facts divorced from the actual

3

assertions in Plaintiff's Complaint does not undermine the reasonableness of the pre-suit inquiry undertaken by Plaintiff.

Finally, Defendants use of its Motion for Sanctions to seek dismissal of Plaintiff's Complaint improperly violates the specific procedural requirements set out for such motions in Rule 11, which requires that "[a] motion for sanctions under this rule shall be made separately from other motions or requests[.]" Fed. R. Civ. P. 11(c)(2). To the extent Defendants intend to seek pre-Answer dismissal of Plaintiff's Complaint, they should file a separate motion to that effect pursuant to Fed. R. Civ. P. 12(b).

## CONCLUSION

For all of the foregoing reasons, Plaintiff requests that this Court deny Defendants' motion requesting the imposition of sanctions pursuant to F.R.C.P. 11.

Respectfully submitted this 5th day of March, 2025.

/s/ Matthew J. Ford
Matthew J. Ford (*Pro Hac Vice*)
David L. Selby, II (*Pro Hac Vice*)
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, AL 35244
Telephone:   (205) 988-9253
Facsimile:   (205) 733-4896
Email:       dselby@baileyglasser.com
             mford@baileyglasser.com

Travis A. Prince (Ky. Bar No. 99176)
BAILEY & GLASSER, LLP
94 Long Street, Suite 200
Westover, West Virginia 26501
Telephone:   (304) 594-0087
Facsimile:   (304) 594-9709
Email:       tprince@baileyglasser.com

*Counsel for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2025, the foregoing was filed with the Clerk of Court by using the CM/ECF system which will send a true and correct copy to all parties of record.

> */s/ Matthew J. Ford*
> Matthew J. Ford