# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## LONDON DIVISION

| | |
|---|---|
| Jeffrey Mador, : | |
| : | |
| *Plaintiff*, : | |
| : | |
| v. : | Case No. 6:24-CV-146-REW |
| : | |
| Armscor Precision International and Armscor : | |
| Global Defense, Inc., : | |
| : | |
| *Defendants*. : | |

### SECOND DECLARATION IN SUPPORT OF
### DEFENDANTS ARMSCOR PRECISION INTERNATIONAL
### & ARMSCOR GLOBAL DEFENSE, INC.'S
### MOTION PURSUANT TO RULE 11(c) OF THE
### FEDERAL RULES OF CIVIL PROCEDURE

I, STEPHEN W. ANDERSON, under penalty of perjury, as specified in the laws of the State of Tennessee, where this Declaration is made, the laws of the State of Kentucky, where this lawsuit was commenced, and the laws of the United States of America, as it is a District Court thereof before which this lawsuit is pending, declare as follows:

1.      I am a duly elected Director of Defendant Armscor Precision International and the duly appointed Vice President for Claims Resolution of both Defendant Armscor Precision International (hereinafter API) and Defendant Armscor Global Defense, Inc. (hereinafter AGDI). My education, training and experience in the operation, design and function of the the Model 1911 A1 pistol is as declared by me in my Declaration in Support of Defendants' Rule 11 Motion, previously served and filed in this matter.

2.  I have read the Declaration of Plaintiff Jeffrey Mador, offered in opposition to Defendants' Rule 11 Motion, and Paragraphs 14, 15, 16 and 17 of his Complaint, both of which documents are on file in this lawsuit, and I am familiar with their contents.

3.  From my education, training and experience in the operation, design, and function of the Model 1911 A1 pistol, I am informed and believe that circumstances similar to those related by Plaintiff in Paragraphs 14, 15, 16 and 17 of his Complaint can result, and in fact have resulted, only when a 1911 A1 pistol is sufficiently disturbed while in a "false half-cock" condition, as that condition was described by me in my Declaration in Support of Defendants' Rule 11 Motion.

4.  Although a "false half-cock" condition can be achieved intentionally, with some practice, it is typically achieved unintentionally by an insufficiently trained or careless user continuing to simultaneously manipulate both the hammer and the trigger while unnecessarily lowering the pistol's hammer from its full-cock position with an unfired cartridge in the pistol's chamber.  Unintentionally achieving a "false half-cock" condition is a rare occurrence, as unless it happens just so, the sear will either slip into and be fully captured by the hammer's half-cock notch or allow the hammer to be fully lowered to be at rest.

5.  Unless a 1911 A1 pistol's hammer has been significantly altered or damaged, to the extent that it would be readily detectable upon a safety and function check, its hammer cannot be made to fall and fire the pistol from its full-cock position without the manual thumb safety first being disengaged, the grip safety disengaged, and the trigger pulled.

6.  I am further informed and believe that knowledge of the condition commonly known as "false half-cock" is readily available from online public sources and is easily obtained through reasonable inquiry.

7. The foregoing statements are true and correct of my own personal knowledge, except for those statements identified as being made on my information and belief, which I believe to be true and correct.

Executed under penalty of perjury, as set forth above, in the County of Putnam, State of Tennessee, on the 18th day of March, 2025, by:

*Stephen W. Anderson*

**Stephen W. Anderson**
Vice President for Claims Resolution
Armscor Global Defense, Inc., Armscor Precision International and Rock Island Armory U.S.A. Manufacturing, Inc.

Page 3 of 3